Merrimack, ⎰
  Dec., 1899. ⎱

### STEVENS, *Ex'r*, v. CLOUGH & a.

If an executor and trustee has a personal interest in the estate which prevents the exercise of an impartial discretion, it is his duty to request instruction from a court of equity as to the course to be pursued by him in relation to a compromise agreement entered into by beneficiaries under the will for the purpose of avoiding litigation.

Where a compromise agreement for the settlement of an estate is made understandingly and in good faith, is beneficial to the parties thereto, and is approved by the probate court, a trustee under the will may be instructed to join in a conveyance to carry such agreement into effect, upon the filing of a bond for the protection of a legatee whose interests are adversely affected.

BILL IN EQUITY, by the executor and trustee under the will of George Clough, for instructions. Facts found by the court. The testator died January 2, 1895, leaving property valued at $101,-000, disposed of by will supplemented by two codicils. By the terms of the will, the testator's minor son, Henry, one of the defendants, was bequeathed property valued at $37,500, which bequest was revoked by the last codicil and $100 was bequeathed to him in its stead. By this last codicil, the residue of the estate was devised one half to George (a son by a former wife) and the other half to the plaintiff and George in trust for the support of Charles (another son by a former wife) and his family, and the proper education of his children. Laura, the testator's widow, as guardian of Henry, contested the allowance of the last codicil upon the ground that the testator was of unsound mind and was unduly influenced. This caused a protracted and expensive hear-

ing before the probate court. The parties to the controversy were George and Charles and Charles' family, in support of the codicil, and Laura, as guardian of Henry, in opposition, and the plaintiff as executor and trustee under the will. All were of age except Henry and the children of Charles. Before the completion of the hearing, all the parties in interest, except William R. Clough, in good faith and for the purpose of avoiding expensive litigation, agreed upon a settlement, by which George and Charles were to convey to Laura, as guardian of Henry, a certain part of the property which, if the last codicil was sustained, would become a trust fund for Charles and his family. Laura, as guardian, in consideration of and relying upon the agreement, abandoned her opposition to the allowance of the last codicil, and it was allowed. The agreement was submitted to the judge of probate, who approved it, and no appeal was taken from his decree. It was for the interest of Charles and his family that the agreement should be executed. Upon the court's approval, George and Charles and their wives executed and delivered to Laura, as guardian of Henry, deeds of the property specified in the agreement. Subsequently, the parties to the deeds requested the plaintiff, as trustee, to join with George, as trustee, in making conveyance of their interest in or title to the premises. The plaintiff refused and asks instructions as follows: Have the trustees the right to make such a conveyance, under the circumstances, or have they the discretion to decline to make it, if satisfied that it is not for the best interest of Charles or his family?

William R. Clough's interest arises from an annuity bequeathed to him in the will and made chargeable upon the residuary estate.

The court ordered the plaintiff, as trustee, to join in the conveyance, and he excepted.

*Leach & Stevens*, for the plaintiff.

*Matthews & Sawyer* and *Streeter, Walker & Hollis*, for Laura A. Clough, guardian.

*Arthur O. Fuller*, for William R. Clough.

*John H. Albin*, for George P. Clough.

*Martin & Howe*, for the children of Charles P. Clough.

PIKE, J. The parties interested in this controversy were Henry on the one side, and George, Charles, and Charles' family on the other. The plaintiff also had an interest in his trust capacity, and incidentally a personal interest arising from pros-

pective compensation for services as trustee. His interest was divided and conflicting. This conflict disabled him from exercising his discretion impartially. In the nature of things, he could not have " an eye single to the interests of the *cestuis que trust.*" Bisp. Eq., *s.* 143. Under the circumstances, it was his duty to refer to the court sitting in equity the question as to the proper course to be taken by him in relation to the compromise agreement.

It appears, as the case is understood, that all parties to the controversy directly and indirectly interested in the question, understandingly and in good faith, entered into the agreement. Henry acted through his guardian, George and Charles are of age, as is also Charles' wife. It does not distinctly appear that she was a party to the agreement; but it is inferred that she was, since it appears that she signed the deeds executed by her husband in pursuance of it. It is also understood that Charles' children, through their guardian, were parties to the agreement. Each of the parties had the assistance and advice of able counsel. The matter in controversy was doubtful. The agreement was approved by the judge of probate. It was fairly made and was beneficial to Charles and his family. It is inferred from the general finding that it was also beneficial to Henry. Such being the facts, it is clear that the agreement ought to be carried into effect. If, however, it should appear at the trial term that the interest of William is affected adversely thereby, the trustee is advised not to join in the conveyance until William's rights are protected by a sufficient bond or otherwise. The decree will be modified to accord with this provision.

Since, under the agreement, the plaintiff will not be trustee of the property going to Henry, he will not be entitled to a trustee's compensation. By his appointment as trustee he acquired a right to only such compensation as he would be equitably entitled to for services rendered and risks assumed. As he will render no services nor assume risks as to this property, he is not entitled to any compensation.

*Case discharged.*

Young, J., did not sit: the others concurred.